UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATRICIA WILKINSON,
*Admin. of the Estate of*
*Aisha Nelson, deceased, et al.*,

   Plaintiffs,         Case No. 3:24-cv-174

vs.

CITY OF DAYTON, OHIO,      District Judge Michael J. Newman
*et al.*,             Magistrate Judge Caroline H. Gentry

   Defendants.

---

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. No. 5); AND (2) TERMINATING THE CASE ON THE DOCKET**

---

   This case arises from the fatal shootings of Aisha Nelson and her six-year-old daughter Harper Guynn by a man known to, and feared by, Nelson. Plaintiff Patricia Wilkinson is the administratrix of Nelson's and Harper Guynn's estates. Other Plaintiffs are Keely Nelson—Nelson's mother and Harper Guynn's maternal grandmother; Alvin Guynn—Harper Guynn's father; and Darlene Guynn—Harper Guynn's paternal grandmother. Doc. No. 1 at PageID 4-5. Defendants are the City of Dayton, Ohio; the Dayton City Commission; Dayton Chief of Police Kamran Afzal; and Dayton police officers Kathryn Santos and Terrell Moore. Doc. No. 1 at PageID 5-7.

   Plaintiffs claim, pursuant to 42 U.S.C. § 1983, that Defendants violated Nelson and Guynn's rights to substantive due process and equal protection under the Fourteenth Amendment to the Constitution. Doc. No. 1 at PageID 21-28. Plaintiffs Keely Nelson, Darlene Guynn, and Alvin Guynn also claim violations of their liberty interests, "well-recognized as 14th Amendment

substantive due process rights[.]" *Id*. at PageID 28.  Plaintiffs seek compensatory and punitive damages along with declaratory judgment and injunctive relief.  *Id*. at 28-30.

The case is before the Court upon Defendants' motion to dismiss (Doc. No. 5), Plaintiffs' memorandum in opposition (Doc. No. 9), and Defendants' reply (Doc. No. 11).  Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) is based, in part, on the doctrine of *res judicata* because Plaintiff previously brought, and unsuccessfully litigated, a case in state court concerning the events preceding Nelson's and Guynn's deaths.  Doc. No. 5 at PageID 85-90.  Plaintiffs contend that *res judicata* does not apply for many reasons, including, for example, because they voluntarily dismissed their claims in state court against Defendants City of Dayton and the Dayton Police Department and because their amended complaint in state court only contained claims under state law.  Doc. No. 9 at PageID 197-202.

**I. Background**

The following factual review accepts Plaintiffs' factual allegations as true, draws all reasonable inferences in Plaintiffs' favor, and construes the complaint in their favor.  *See Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

At the time of their deaths, Nelson and her daughter, Harper Guynn, resided at 337 Burleigh Avenue in Dayton, Ohio.  Doc. No. 1 at PageID 16.  Harper Guynn was visiting her mother for the summer.  *Id*.  Another person, Waverly Dante Hawes ("Hawes"), also resided there.  *Id*. Nelson and Hawes were in a "relationship."  *Id*.

Around 1:00 a.m. on or near June 22, 2022, Nelson "called the Dayton Police Department and stated that Hawes had threatened her life and requested that officers meet her at a nearby store so as not to arouse Hawes' suspicions."  *Id*. at PageID 16-17.  Nelson told law enforcement of two separate incidents of domestic violence: (1) she "stated that 'Hawes had threatened her life in front

2

of her daughter the night before and had asked her if she was willing to lose her life over leaving,' while holding a gun in hand," *id*. at PageID 17 (cleaned up); and (2) she also "stated that she had been threatened once again, earlier that same day; that 'both had small children in the home,'; that the gun was still located on the premises; and requested that officers meet her at a nearby Family Dollar, as she feared what would happen upon her return." *Id*.

Nelson waited some time and again called the police. At this time, Nelson was in a vehicle with her daughter, and it was late at night. *Id*. She informed the police that she was going home and would submit a report the next day. *Id*. Shortly thereafter, Hawes called the police, stating that he wanted Nelson to leave the home on Burleigh Avenue. *Id*. Defendants Moore and Santos responded to the home and spent about 30 minutes talking with Hawes and Nelson. *Id*. Nelson informed Santos that Hawes had made multiple threats to her life, and there was a weapon in the house that Hawes could easily access. *Id*. Nelson "expressed that Hawes had on multiple occasions while brandishing a gun, threatened violence against [Nelson] in front of Harper and his own daughter." *Id*. Nelson "chronicled days of threats to Officers Moore and Santos," and she asked them multiple times to remove Hawes from the home on Burleigh Avenue. *Id*.

Plaintiffs explain, "Despite numerous and alarming threats to [Nelson] and Harper, Moore and Santos left the Burleigh address at approximately 2:35 a.m. on June 23, 2022, without making an arrest or even taking a formal report in violation of Ohio law and DPD's [Dayton Police Department's] own policies. The best Santos could offer at the end of the encounter was a fist bump for [Nelson] basically telling her good luck and to fend for herself." *Id*. at PageID 19. Less than on hour later, Hawes shot Nelson and Guynn Harper, killing them. *Id*. He fled and was later found dead from a self-inflicted gunshot. *Id*.

3

## II.  Procedural History[1]

Before Plaintiff filed the instant case, she filed her prior case in the Montgomery County Court of Common Pleas on December 5, 2022, asserting federal claims under 42 U.S.C. § 1983 and Ohio law.  Doc. No. 5-1 at PageID 100, 111-24.  One day later, Plaintiff filed a first amended complaint raising claims under Ohio law but not raising a claim under federal law.  Doc. No. 5-2 at PageID 154-63.

Plaintiff's prior state court complaint and first amended complaint raised claims against the same Defendants she now sues in the instant case.  *Compare id*. at PageID 100-01, 103-06 *with* Doc. No. 1 at PageID 1-2, 5-7.  The only difference between the parties identified in the pleadings of both cases are three additional Plaintiffs in the instant case: Keely Nelson, Alvin Guynn, and Darlene Guynn.

Near the conclusion of Plaintiff's state court case, she voluntarily dismissed the City of Dayton, the Dayton City Commission, the Dayton City Commissioners, and Dayton Chief of Police Afzal.  Doc. No. 5-4 at PageID 174.  This left Plaintiff's state law claims pending against only Moore and Santos along with their motion to dismiss.  *Id*.

On May 25, 2023, the Common Pleas Court granted Moore and Santos's motion to dismiss.  Doc. No. 5-3 at PageID 165-70.  The Ohio Court of Appeals affirmed, thus ending Plaintiff's prior state court case.  Doc. No. 5-4 at PageID 172-86; *see* Doc. No. 5 at PageID 82 (noting Plaintiff did not pursue review in the Ohio Supreme Court).

---

[1] The Court takes judicial notice of the facts that follow as they constitute matters of public record.  *See Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) ("[T]he court may, in undertaking a 12(b)(6) analysis, take judicial notice of matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." (cleaned up)).

4

### III. Standard of Review

A motion to dismiss filed pursuant to Rule 12 (b)(6) tests the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must view the complaint in a light most favorable to the plaintiff, accept all allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Kaminski*, 865 F.3d at 344; *Gavitt v. Born*, 835 F.3d 623, 640-41 (6th Cir. 2016).

### IV. Analysis:  *Res Judicata*

As noted above, Defendants contend that *res judicata* bars Plaintiff's claims in the instant case. They are correct.

"Pursuant to the doctrine of *res judicata*, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)) (italics added). The doctrine exists "to preclude parties from contesting matters that they have had a full and fair opportunity to litigate, protects adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 153-54 (cleaned up).

Ohio law controls whether a prior state court judgment precludes a plaintiff's claims in this Court. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). In Ohio, *res judicata* applies if the following elements are met:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Hapgood*, 127 F.3d at 493. Each of these elements of *res judicata* is met in the instant case.

The first element is satisfied because in Plaintiff's prior state case, the Ohio Court of Appeals' decision, affirming the Common Pleas Court's dismissal under Ohio R. Civ. P. 12(b)(6), constitutes a final valid decision on the merits. *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016); *see Hall v. GMS Mgmt. Co.*, No. 21-4210, 2022 WL 17858852, at *3 (6th Cir. Aug. 11, 2022) (citing *State ex rel. Arcadia Acres v. Ohio Dep't of Job & Fam. Servs.*, 914 N.E.2d 170, 174 (Ohio 2009) (per curiam)).

The second element of *res judicata* is also satisfied. The instant case shares with Plaintiff's prior state case, the same Plaintiff—Patricia Wilkinson, Administratrix of the Estates of Nelson and Harper Guynn. Although the remaining Plaintiffs in the instant case, who are close relatives of Nelson and Harper Guynn, were not Plaintiffs in the prior state case, they were in privity with Plaintiff by way of their identical interest in holding Defendants civilly liable under federal and state law for the deaths of Nelson and Harper Guynn. *See Sheldon*, 816 F.3d at 415 ("'mutuality of interest, including an identity of desired result' between the parties in [the] federal and state actions, would be sufficient to satisfy this [privity] element") (quoting *Kirkhart v. Keiper*, 805 N.E.2d 1089, 1092 (2004)).

The instant case also shares only two Defendants with Plaintiff's prior state case—Officers

6

Moore and Santos—because Plaintiff voluntarily dismissed the City of Dayton, the Dayton City Commission and its Commissioners, and Dayton Police Chief Afzal from the prior state case. Doc. No. 5-2 at PageID 166. These entities and Chief Azfal are Defendants in the instant case. Despite their absence from the prior state case at the time it was dismissed, they were in privity to the remaining two Defendants in the prior state case—Officers Moore and Santos—because they shared with these two Officers the same interest in the desired result– *i.e.*, a dismissal of the prior state case under Ohio R. Civ. P. 12(b)(6) or otherwise. *See Sheldon*, 816 F.3d at 415; *cf. Moore v. Hiram Twp.*, 988 F.3d 353, 358 (6th Cir. 2021) ("Ohio courts have established that 'a government official who is sued in his or her official capacity is in privity with the governmental entity'").

The third element of *res judicata* is met. Although Plaintiff's first amended complaint in state court did not assert Plaintiffs' present federal claims, there was nothing stopping her from doing so. It is well established under Ohio law:

> [R]es *judicata* requires a plaintiff to advance all theories for every ground of relief in the first action or be forever barred from asserting it. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (1995). Ohio's view of *res judicata* is "expansive." *Demsey v. Demsey*, 488 F. App'x 1, 4 (6th Cir. 2012). That "different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims," even if the theories "depend on different shadings of the facts . . . or call for different measures of liability or kinds of relief.

*Moore*, 988 F.3d at 361 (cleaned up; italics added). Each of Plaintiffs' present claims, including her federal constitutional claims, could have been brought and fully litigated in the Ohio courts because they arose from the same underlying facts and circumstances. *See Howlett v. Rose*, 496 U.S. 356, 358 (1990) ("State courts as well as federal courts have jurisdiction over § 1983 cases"); *Moore*, 988 F.3d at 361 ("Moore's procedural due process, substantive due process, and equal protection claims each stem from the same occurrence . . . that was litigated in the state-court action, and thus could have been litigated at that time").

7

The fourth element of *res judicata* is also met.  The same events and circumstances that preceded Nelson's and Harper Guynn's deaths gave rise to Plaintiffs' claims in her prior state case and the instant case.  *Compare* Doc. No. 1 at PageID 3-29 *with* Doc. No. 5-2 at PageID 144-162.

Accordingly, the doctrine of *res judicata* bars Plaintiff's claims in the instant case.[2]

### V.  Conclusion

For all the above reasons, Defendants' motion to dismiss is **GRANTED**.  This case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

  March 21, 2025                                                                 s/*Michael J. Newman*
                                                                                             Hon. Michael J. Newman
                                                                                             United States District Judge

---

[2] In light of this conclusion, there is no need to consider Defendants' other asserted grounds for dismissal in their motion to dismiss.